IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RICHARD CHARLES LUSSY,<br><br>  Plaintiff,<br><br>vs.<br><br>HENRY PAUMIE LUSSY, LAUNA LYNN ROQUE, JUAHLEE MURIE BORNFF, MERNA GREEN, ASSESSORS OFFICE MONTANA DEPARTMENT OF REVENUE, and WADE J. DAHOOD, ESQ,<br><br>  Defendant. | CV 17-79-BU-DLC-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

## I. Background

Plaintiff Richard Charles Lussy, appearing pro se, commenced this action by filing a complaint on October 23, 2017. On November 8, 2017, Lussy filed an amended complaint and had summonses issued with respect to all Defendants. On December 11, 2017, Lussy filed a motion titled "Unopposed Default Motion Affidavit Against Launa Lynn Roque and Juahlee Murie Bornff by Plaintiff Pro Se for Final Judgment." Attached to the referenced motion were the summonses issued to Defendants Roque and Bornff together with two proofs of service

1

reflecting that those Defendants had been served at their place of residence in Vancouver, Washington on November 18, 2017. (Doc. 11-1.) Lussy subsequently filed an amended motion for default judgment as against Roque and Bornff on December 15, 2017 – a motion that differed from the original motion requesting the entry of default by changing language related to the relief sought by way of judgment.

On December 20, 2017, both Roque and Bornff appeared by filing a Fed. R. Civ. P. 12(b)(6) motion requesting the complaint as against them be dismissed for failure to state a claim upon which relief could be granted. On the following day, both Defendants filed a response to Lussy's request for the entry of default. In their response, Roque and Bornff assert – without supporting affidavits or declarations – that they were not properly served until December 2, 2017. They present the cursory argument that Lussy has failed to present evidence that they were "properly served." (Doc. 20 at 1.)

As explained below, the proper procedural vehicle for Defendants Roque and Bornff to pursue at this juncture is a motion requesting the default as against each of them be set aside pursuant to Fed. R. Civ. P. 55(c). And in accordance with Fed. R. Civ. P. 55(a), the Clerk of Court will be directed to enter Defendants Roque and Bornff's defaults. It will also be recommended to the presiding judge

2

that Roque and Bornff's Fed. R. Civ. P. 12(b)(6) motion to dismiss be denied.

## II. Discussion

Review of the record reflects Roque and Bornff were served with summonses and a copy of Lussy's complaint on November 18, 2017. Thus, under Fed. R. Civ. P. 12(a)(1)(A)(i), they had 21 days, or until December 11, 2017, to file their responsive pleading. But they did not do so until December 20, 2017. Consequently, they were in default as of midnight December 11, 2017 – for purposes of electronic filing. *See* Fed. R. Civ. P. 6(a)(4)(A).

Because Lussy presented a sufficient application for the entry of default via his motion requesting that relief, the Clerk of Court was mandatorily required to enter notice of these Defendants' default. Fed. R. Civ. P. 55(a). But "a defendant who fails to [file a responsive pleading] within the time specified by the rules is in default even if that fact is not officially noted." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, vol. 10A, § 2692 (4th ed. 2017). Consequently, a motion requesting the default be set aside under Fed. R. Civ. P. 55(c) is the appropriate procedural vehicle even when there has not been a formal entry of default.

As noted, Roque and Bornff have presented a Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint as against each of them for failure to state a claim

3

upon which relief can be granted. However, that motion is properly denied subject to the Defendants' right to renew that motion in the event their respective defaults are set aside upon a showing of good cause under Fed. R. Civ. P. 55(c). Roque and Bornff, of course, remain free to promptly file a motion to set aside their respective defaults.

## III. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that the Clerk of Court shall enter Defenants Roque and Bornff's default. IT IS FURTHER RECOMMENDED that Defendants Roque and Bornff's Fed. R. Civ. P. 12(b)(6) motion to dismiss be DENIED.

DATED this 23rd day of January, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge