IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RICHARD CHARLES LUSSY, <br><br> Plaintiff, <br><br> vs. <br><br> HENRY PAUMIE LUSSY, LAUNA LYNN ROQUE, JUAHLEE MURIE BORNFF, MERNA GREEN, ASSESSORS OFFICE MONTANA DEPARTMENT OF REVENUE, and WADE J. DAHOOD, ESQ, <br><br> Defendant. | CV 17-79-BU-DLC-JCL <br><br> ORDER |

On December 20, 2017, Plaintiff Richard Charles Lussy, appearing pro se, filed a motion titled "Unopposed Default Motion Affidavit Against Defendant: Merna Green Assessors Office Montana Department of Revenue by Plaintiff Pro Se for Final Judgment." In the motion Lussy asserts Green was served with a summons and a copy of his amended complaint on November 27, 2017. In support of the assertion Lussy cites to the "Proof of Service" form signed and dated by the process server on November 27, 2017. (Doc. 14.)

Based upon the referenced Proof of Service, the Court finds sufficient

1

evidence exists to establish that Defendant Merna Green was served no later than November 27, 2017. Thus, under Fed. R. Civ. P. 12(a)(1)(A)(i), Green had 21 days, or until December 18, 2017, to file her responsive pleading. Green has not filed a responsive pleading in this action. Consequently, she was in default as of midnight December 18, 2017 – for purposes of electronic filing. *See* Fed. R. Civ. P. 6(a)(4)(A).

Although Lussy moves for a default judgment, his request for a judgment is premature. To obtain a default judgment, a party must follow a sequential two-step process under Fed. R. Civ. P. 55. First, a party must request that the Clerk of Court enter a party's default under Rule 55(a). Second, after entry of default, a party may then move for a default judgment under Rule 55(b). *Kruska v. Perverted Justice Foundation, Inc.*, 2009 WL 3837365, *1 (D. Ariz. 2009) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986)). *See also Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (referring to the two-step process). Entry of a party's default under Rule 55(a), therefore, is a prerequisite to obtaining a default judgment under Rule 55(b). *Francis v. J.C. Penney Corporation, Inc.* 2009 WL 3761999, *1 (W.D. Wash. 2009).

Based on the foregoing, Lussy cannot obtain a default judgment until after Green's default is entered. Therefore, the Court will construe Lussy's motion as a

motion for the entry of Green's default pursuant to Fed. R. Civ. P. 55(a). So construed, IT IS HEREBY ORDERED that Lussy's motion is GRANTED, and the Clerk of Court shall enter Defendant Green's default.

DATED this 23rd day of January, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge