IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RICHARD CHARLES LUSSY,<br><br>Plaintiff,<br><br>vs.<br><br>HENRY PAUMIE LUSSY, LAUNA LYNN ROQUE, JUAHLEE MURIE BORNFF, MERNA GREEN, ASSESSORS OFFICE MONTANA DEPARTMENT OF REVENUE, and WADE J. DAHOOD, ESQ,<br><br>Defendants. | CV 17-79-BU-BMM-JCL<br><br>FINDINGS & RECOMMENDATION |

Defendants Launa Lynn Roque and Jauhlee Murie Bornff have moved under Federal Rule of Civil Procedure 55(c) to set aside the default entered against them on January 23, 2018. Because Roque and Bornff have established good cause for setting aside the entry of default, their motion should be granted.

**I.     Background**

Plaintiff Richard Charles Lussy, appearing pro se, commenced this action by filing a complaint on October 23, 2017. (Doc. 1). On November 8, 2017, Lussy filed an amended complaint and had summonses issued with respect to all

1

Defendants. (Doc. 8). On December 11, 2017, Lussy filed a document titled "Unopposed Default Motion Affidavit Against Launa Lynn Roque and Juahlee Murie Bornff by Plaintiff Pro Se for Final Judgment." (Doc. 11). Attached to the motion were summonses and proofs of service for both Roque and Bornff. (Doc. 11-1). On December 15, 2017, Lussy filed a document titled "Amended Unopposed Default Motion" against Roque and Bornff. (Doc. 15). The undersigned construed the referenced documents as requests for the entry of default as against Roque and Bornff.

On December 20, 2017, Roque and Bornff appeared in the case by way of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 18). The next day, Roque and Bornff filed a response to Lussy's amended motion for entry of default, and argued their appearance in the case was timely because they had not been properly served until December 2, 2017. (Doc. 20).

On January 23, 2018, the undersigned entered an order directing the Clerk of Court to enter default against Roque and Bornff. The undersigned further found that the proper procedural vehicle for Roque and Bornff to pursue at that juncture was a motion to set aside the entry of default pursuant to Rule 55(c), and

2

recommended that recommended their Rule 12(b)(6) motion to dismiss for failure to state a claim be denied on that basis. (Doc. 30).

On January 23, 2018 the Clerk of Court entered default against Roque and Bornff pursuant to Rule 55(a) (doc.31), and on February 7, 2018, presiding United Stated District Court Judge Brian Morris issued an order denying their Rule 12(b)(6) motion to dismiss for failure to state claim. (Doc. 41).

After the entry of default, Lussy filed a motion for default judgment against Roque and Bornff pursuant to Rule 55(b)(2). (Doc. 37). Roque and Bornff have in turn moved under Rule 55(c) to set aside the default entered against them on January 23, 2018. (Doc. 39).

## II.     Discussion

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause...." Fed. R. Civ. P. 55(c). Whether to set aside the entry of default is within the court's discretion. See *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). In determining whether "good cause" is present, the court considers the same three factors its weighs in deciding whether to grant relief from default judgment under Rule 60(b): "'(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. American Bankers Ins. Co. of*

*Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). This test is applied more liberally in the Rule 55(c) context than it is in the context of a motion to set aside a default judgment under Rule 60(b). *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n.1 (9th Cir. 2011).

The three factors are disjunctive, which means that the court may deny a motion to set aside an entry of default "if any of the three factors [is] true." *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). The court is not required to do so, however, and may, in the exercise of its discretion, set aside a default even if it finds that one of the "good cause" factors is true. *Brandt*, 653 F.3d at 1111-12 (setting aside default notwithstanding fact that defendant acted culpably).

Entering "judgment by default is a drastic step," and one that the Ninth Circuit cautions is "appropriate only in extreme circumstances." *Mesle*, 615 F.3d at 1091 (quoting *Falk*, 789 F.2d at 463). As a general rule, "a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (quoting *Falk*, 789 F.2d at 463). "Where timely relief is sought from a default...and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default...." *O'Connor*, 27 F.3d at 364 (quoting *Mendoza v. Wight*

4

*Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986)). Nonetheless, the party seeking to set aside the entry of default bears the burden of showing that the "factors favor vacating the judgment." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (overruled on other grounds, *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147-50 (2001)).

    A.    <u>Prejudice</u>

Prejudice exists when a "plaintiff's ability to pursue his claim will be hindered" if the court sets aside the entry of default. *TCI Group*, 244 F.3d at 701. Prejudice does not exist if the only harm is "simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. Nor is a plaintiff prejudiced by losing a "quick victory" and being forced to litigate the merits of his case. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000).

Setting aside the entry of default will not prejudice Lussy. Roque and Bornff filed their motion to set aside the entry of default on February 5, 2018 – less than two weeks after it was entered by the Clerk of Court. This case is in its earliest stages, and setting aside the entry of default will not delay its resolution.

    B.    <u>Meritorious Defenses</u>

A party seeking to set aside a default "must present specific facts that would constitute a defense." *TCI Group*, 244 F.3d at 700 (citations omitted). As described

5

by the Ninth Circuit, this burden is not an "extraordinarily heavy" one. *TCI Group*, 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094 (quoting *TCI Group*, 244 F.3d at 700). Roque and Bornff have met their burden of offering a potentially meritorious defense to Lussy's complaint, as set forth in the brief they filed in support of their Rule 12(b)(6) motion to dismiss for failure to state a claim. (Doc. 13).

C.  Culpability

A defendant's conduct is considered "culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 192-93 (quoting *TCI Group*, 244 F.3d at 697) (emphasis in original). The Ninth Circuit has adopted a narrow definition of "intentional" and usually requires evidence of a "devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 698.

Roque and Bornff argue they were not properly served, and point out that once their father, Defendant Henry Paumie Lussy, was served on December 2, 2017, he hired counsel to represent them and they made an appearance in the case on December 20, 2017. (Doc. 40, at 2). But even assuming they were properly served on November 18, 2017 and had actual notice of the summons and

complaint, there is no evidence of a devious, deliberate, willful, or bad faith failure to respond. The *Falk* factors thus weigh conclusively in favor of setting aside the entry of default.

### III.    Conclusion

Because Roque and Bornff have established good cause for setting aside the default entered against them, and in light of the strong policy favoring resolution of cases on the merits,

IT IS RECOMMENDED that Roque and Bornff's motion to set aside the entry of default (doc. 39) be GRANTED and Lussy's motion for default judgment (doc. 37) be DENIED.

DATED this 23rd day of February, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge