IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RICHARD CHARLES LUSSY,<br><br>Plaintiff,<br><br>vs.<br><br>HENRY PAUMIE LUSSY, LAUNA LYNN ROQUE, JUAHLEE MURIE BORNFF, MERNA GREEN, ASSESSORS OFFICE MONTANA DEPARTMENT OF REVENUE, and WADE J. DAHOOD, ESQ,<br><br>Defendants. | CV 17-79-BU-BMM-JCL<br><br>FINDINGS AND RECOMMENDATION |

This matter comes before the Court on pro se Plaintiff Richard Charles Lussy's motion for default judgment against Defendant Merna Green, and Federal Rule of Civil Procedure 12(b)(6) motions to dismiss by the remaining Defendants. Because Plaintiff has not shown that a default judgment against Green is warranted, and fails to state a claim against any of the remaining Defendants, Plaintiff's motion for a default judgment (doc. 35) should be denied, and

1

Defendants' motions to dismiss (docs. 12, 18, and 45) should be granted.

## I.     Background

Plaintiff filed his Complaint in this case on October 23, 2017, following an apparent family dispute over the administration of his mother's assets under a revocable living trust. (Doc. 1). The named Defendants include: (1) Henry Paumie Lussy, Plaintiff's brother; (2) Launa Lynn Roque and Juahlee Murie Bornff, both of whom are Henry Lussy's daughters; (3) Merna Green Anaconda Assessors Office Department of Revenue, and; (4) Wade J. Dahood, Esq., the attorney who handled the probate of Plaintiff's mother's estate in state court.

On November 8, 2017, Plaintiff filed an Amended Complaint and had summonses issued with respect to all Defendants. (Doc. 8). On January 23, 2018, the Clerk of Court entered defaults against Roque, Bornff, and Green pursuant to Federal Rule of Civil Procedure 55(a). (Docs. 31 and 33). Plaintiff has since filed a motion for default judgment against Green pursuant to Fed. R. Civ. P. 55(b). Unlike Green, who has yet to appear in the case, Roque and Bornff moved successfully to set aside the entry of default and have filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Henry Lussy and Dahood have also appeared in the case and filed Rule 12(b)(6) motions to dismiss for failure to state a claim. All three motions are essentially the same,

and seek dismissal on the ground that the Amended Complaint "is merely a rambling of speculative allegations that make very little to no sense" and does not set forth any cognizable "causes of action or other claims for relief." (Doc. 13, at 2; Doc. 19, at 2; Doc. 46, at 2).

On April 6, 2018, the Court held oral argument on Plaintiff's motion for default judgment against Green and the Rule 12(b)(6) motions to dismiss filed by Roque and Bornff, Henry Lussy, and Dahood (hereinafter "Defendants").

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But if the

complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Where, as here, the plaintiff is appearing pro se, the court liberally construes the allegations in the complaint. *See e.g. Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir. 1996).

## III. Discussion

The Amended Complaint consists of 38 single spaced pages accompanied by more than 40 pages of attached exhibits, and bears the following title: "Amended Complaint & Request for Protective Order with Request for Two-Certifications by this Court U.S. F. R. Civ. P. Rule 5.1: Supplement (Black Slaves) US XIII Amendment with (White Slave) Missing U.S. 13th Amendment (FN #15-#38) and Statute MCA 15-8-111 Challenge: '100% Market' Unwilling Sellers." (Doc. 8, at 1). The body of the Amended Complaint is as difficult to understand as the title. Plaintiff invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331, and sets forth a litany of federal criminal statutes, Constitutional provisions, and essentially unintelligible footnotes. (Doc. 8, at 2-22). Plaintiff also invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332, and sets forth more than 19

purported claims and supporting allegations, most of which are legally incomprehensible. (Doc. 8, at 25-36).

At oral argument, Plaintiff agreed that the Amended Complaint asserts three claims for relief: (1) a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S. § 1961 et seq.; (2) a claim for mail fraud under 18 U.S.C. § 1341 and; (3) a common law fraud claim. (Doc. 61, at 18-22).

### A. Rule 12(b)(6) Motions to Dismiss By Defendants Lussy, Roque, Bornff and Dahood

#### 1. Federal Claims

At oral argument, Plaintiff confirmed that his primary theory of recovery based on federal law is a civil RICO claim. (Doc. 61, at 19). Plaintiff alleges that Defendants cut and pasted his signature on a document that released his right to contest his mother's revocable living trust. (Doc. 8, at 26). The document Plaintiff complains of is titled "Full Release of Recipients in Connection with the Dorothy Lussy Revocable Living Trust," and states that Plaintiff and his three brothers "agree that there will not be any contest with respect to the Revocable Living Trust of Dorothy Lussy and that each will accept the share that is provided for each of them in the said Living Trust of Dorothy Lussy." (Doc. 13, at 11).

Presumably, Plaintiff is attempting to bring a civil RICO claim under 18 U.S.C. § 1962(c), which provides as follows:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c)

To state a civil RICO claim, Plaintiff must sufficiently allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

A "racketeering activity" is an act that is indictable as a criminal offense under several specific provisions of Title 18 of the United States Code. 18 U.S.C. § 1961(1). *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004) (citing *Schreiber Distributing Company v. Serv-Well Furniture Company, Inc.*, 806 F.2d 1393, 1399 (9th Cir. 1986)). A "pattern" of racketeering activity under RICO "requires at least acts of racketeering activity" within ten years of each other. 18 U.S.C § 1961(5); *United States v. Fernandez*, 388 F.3d 1199, 1221 (9th Cir. 2004).

An "enterprise" is a "group of persons associated together for a common purpose of engaging in a course of conduct," and is "proved by evidence of an ongoing organization, formal or informal, and by evidence that he various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576,

583 (1981). "An ongoing organization is a vehicle for the commission of two or more predicate crimes." *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007) (citation and quotation omitted).

Plaintiff utterly fails to articulate or allege an "enterprise" or a "pattern of racketeering activity" as required to state a claim for civil liability under RICO. The only discernable factual basis for Plaintiff's purported civil RICO claim is his allegation that Defendants forged his signature on the release form during the probate of his mother's estate. This general allegation is insufficient to state a claim for relief under RICO.

To the extent Plaintiff alleges mail fraud in violation of 18 U.S.C. § 1341, and violations of other federal criminal statutes (doc. 8, at 2-3), he fails to state a claim for relief because none of those statutes provides for a private right of action. See e.g. *Cobb v. Brede, No. C 10-03907 MEJ*, 2012 WL 33242, *2 (N.D. Cal. Jan. 6, 2012) (no private right of action under federal mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343); *Bratset v. Davis Joint Unified School District*, 2017 WL 6484308 *4 (E.D. Cal. Dec. 19, 2017) (no private right of action under 18 U.S.C. § 1519); *Kumar v. Naiman*, 2016 WL 397596, *2 (E.D. Cal. Feb. 2, 2016) ("[P]laintiffs, as private citizens, have no standing to prosecute criminal claims").

To the extent Plaintiff also attempts to allege some sort of constitutional

violation, he fails to state a claim for relief. The Amended Complaint refers to various provisions of the United States Constitution, including Article I, § 9, which prohibits the grant of any title of nobility by the United States, and Article 1, § 10, which provides in part that "no state shall …pass any bill of attainder, ex post facto law, or law impairing the obligations of contracts, or granting any title of nobility." Plaintiff also complains repeatedly in his Amended Complaint about the "Missing 13th Amendment." These references are not supported by any coherent factual allegations and do not state a claim for relief based on a violation of the United State Constitution.

### 2. **State Law Claims**

Plaintiff's purported state law claims are equally incomprehensible. (Doc. 8, at 26-35). As but one example, "Count II-C" alleges Henry Lussy's "fantastical thinking 'Indenture' attached Exhibit A-8483 is laughable in thought word & deed. Indenture time line from conspicuous [FN#49] quitclaim and living trust analysis. From: Mother Saint Dorothy Helen Lussy Revocable Living Trust Dated May 18, 1994 to 4-fine sons." (Doc. 8, at 28). With the exception of a possible fraud claim, Plaintiff does not identify any even arguably cognizable state law claims, much less support those claims with sufficient factual allegations.

While Plaintiff's claims and allegations are difficult to understand, it appears

that the Amended Complaint arises from a dispute over the disposition of Plaintiff's mother's assets under a revocable living trust. Construing the allegations in the Amended Complaint as liberally as possible, Plaintiff claims that Defendants committed fraud by cutting and pasting his signature on the document releasing his right to contest his mother's revocable living trust. (Doc. 8, at 26).

Plaintiff has failed to adequately plead the necessary elements of a common law fraud claim. A complaint alleging fraud must satisfy the heightened pleading standards set forth in Fed. R. Civ. P. 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Salameh*, 726 F.3d at 1133 (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003)).

In diversity actions state law governs the substantive elements of fraud. *Moore v. Brewster*, 96 F.3d 1240, 1245-46 (9th Cir. 1996). Under Montana law, a cause of action for fraud must set forth the following nine elements:

> (1) a representation; (2) the falsity of that representation; (3) the materiality of the representation; (4) the speaker's knowledge of the representation's falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the representation's falsity; (7) the hearer's reliance upon the truth of the representation; (8) the hearer's right to rely upon the representation;

and (9) the hearer's consequent and proximate injury or damages caused by their reliance on the representation.

*In re Estate of Kindsfather*, 2005 MT 51, ¶ 17, 108 P.3d 487, 490 (2005).

Nowhere in the Amended Complaint does Plaintiff plead the above elements with the requisite specificity. Plaintiff's only purported fraud claim reads as follows:

> Count I-A Dahood Esq. aided & abetted fraud that November 9, 2015. As paid to assist [Henry Lussy] fraud by providing unknowing [Plaintiff's] signature, to then cut & paste onto Exhibit A-8306. As the other document signed immediately went missing via [Henry Lussy]: "All recipients must sign a statement, never to sue this estate before funds and property are distributed from this Trust" reattached [Plaintiff's] original signature to the fraudulent Exhibit A-8306. [Henry Lussy] had no power of attorney with no durable provision from DHL & no such specific power, presumed in Saint DHL's Living Trust for: "Full Release of Recipient-Dorothy Lussy (Living) Trust, $35k Cashiers Check #61091 Exhibit A-8304 U.S. Mail: as [Plaintiff] refused & returned after coming thru the U.S. Mail.

(Doc. 8, at 26-27).

Plaintiff does not allege that he was ignorant of the fact that Dahood and Henry Lussy had allegedly misrepresented his signature on the release. Nor does he claim that he somehow relied on the alleged misrepresentation, or that he had a right to do so. Because, Plaintiff has not pled fraud with the specificity required by Federal Rule of Civil Procedure 9(b) and otherwise fails to state a claim upon which relief may be granted, Defendants' motions to dismiss should be granted.

10

As a general rule, dismissal under Rule 12(b)(6) should be without prejudice, and leave to amend the complaint should be granted unless it is clear that amendment would be futile. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1107-08 (9th Cir. 2003). At oral argument, Plaintiff explained he had filed a combined brief and affidavit for the purpose of summarizing and clarifying his claims, and making "more clear the who, what, when, and how of the Complaint leading particularization by specificity of the Complaint." (Doc. 61, at 25). That brief/affidavit is 52 single-spaced, legally incomprehensible pages, and does not clarify Plaintiff's claims or plead the elements of a common law fraud claim with the requisite specificity.[1] Plaintiff has had three opportunities to adequately state a claim for relief – first in the Complaint (doc 1.), then in the Amended Complaint (doc. 8), and most recently in his brief/affidavit (doc. 55). All three of these pleadings are equally confusing and incoherent. Granting Plaintiff another opportunity to amend the complaint in attempt to state a claim for relief would be

---

[1] Plaintiff filed a "Motion for Leave to File Retrospective." (Doc. 56). At oral argument, Plaintiff explained that he filed the motion for the purposes asking that his brief/affidavit be considered as a consolidated response to the motions to dismiss. (Doc. 61, at 24). Defense counsel did not object to considering Plaintiff's filing as a consolidated response, and Plaintiff's Motion to Leave to File Retrospective is moot.

futile. Accordingly, the Court recommends that Plaintiff's Amended Complaint be dismissed without leave to amend.

### B. Motion for Default Judgment

Plaintiff moves for a default judgment in excess of $400,000 against Green pursuant to Federal Rule of Civil Procedure 55(b). Where, as here, default has been entered pursuant to Rule 55(a), the factual allegations of the complaint are taken as true for purposes of entering a default judgment under Rule 55(b). See e.g., *Geddes v. United Financial* Group, 559 F.2d 557, 560 (9th Cir. 1977). Whether to grant default judgment is left to the court's sound discretion. See *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

In determining whether default judgment is appropriate, the court should consider the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

These factors weigh against entering default judgment in Plaintiff's favor. First, Plaintiff has not established the possibility of prejudice if a default judgment

is not entered because, as set forth below, he has not stated any cognizable legal claim for relief against Green.

The second and third factors weigh heavily against entering a default judgment. These two factors are considered together, and essentially require that "a plaintiff state a claim on which [it] may recover." *Pepsico, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). Plaintiff conceded at oral argument his claims against Green are based entirely on the allegation that she refused, in her capacity as County Assessor, to give him property tax assessment appeal forms for three of the real properties that were apparently part of his mother's estate. (Doc. 8, 32; Doc. 61-47). Even taking all of Plaintiff's allegations as true, the Amended Complaint does not state any cognizable legal claims against Green.

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo. Inc.*, 238 F.Supp.2d at 1176-77. Plaintiff requests a default judgement in excess of $400,000 – an amount that is exceedingly large in relation to the seriousness of Green's alleged conduct, which amounted to nothing more than allegedly refusing to provide Plaintiff with some property tax assessment appeal forms.

As to the remaining factors, because Plaintiff has not stated a claim against Green there is no possibility of a dispute concerning material facts. And while it is not possible to determine based on the materials of record whether Green's default was due to excusable neglect, it is safe to say there is no apparent policy favoring a decision on the merits of Plaintiff's claims in this case.

Even taking the allegations in the Amended Complaint as true, entry of default judgment against Green is not warranted.

## IV. Conclusion

For the reasons set forth above,

IT IS RECOMMENDED that Defendants' Rule 12(b)(6) motions to dismiss for failure to state a claim (docs. 12, 18, and 45) be GRANTED, and this matter be DISMISSED as to Defendants Lussy, Roque, Bornff, and Dahood.

IT IS RECOMMENDED that Plaintiff's motion for default judgment against Green (doc. 35) be DENIED, and this matter be DISMISSED as to Green. See e.g. *Ogeone v. Nakakuni*, 2013 WL 6487472 *1 (D. Hawaii Dec. 10, 2013) ("A court may dismiss a complaint, for which the filling fee has been paid, sua sponte for failure to state a claim" without notice to the plaintiff if the plaintiff "cannot possibly win relief.") (citing *Sparling v. Hoffman Construction Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Dufour v. Allen*, 2017 WL 373441 *3 (C.D. Cal. Jan. 23, 2017)

(denying motion for default judgment and dismissing claims against defaulting defendants with prejudice on statute of limitations grounds) (citing *Sparling*, 864 F.2d at 638)). If, however, Plaintiff files objections to this Findings & Recommendation showing that he may be able to state a claim for relief against Green, then the Court recommends that he be allowed to file an amended complaint as to Green within 30 days of presiding Judge Brian Morris's order on the Findings & Recommendation.

DATED this 2nd day of May, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge