# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| RICHARD CHARLES LUSSY, <br><br> Plaintiff, <br><br> vs. <br><br> HENRY PAUMIE LUSSY, LAUNA LYNN ROQUE, JUAHLEE MURIE BORNOFF, MERNA GREEN, ASSESSORS OFFICE MONTANA DEPARTMENT OF REVENUE, and WADE J. DAHOOD, ESQ, <br><br> Defendant. | CR-17-79-BU-BMM <br><br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

Plaintiff Richard Charles Lussy filed a complaint on October 23, 2017. (Doc. 1.) Lussy then filed an amended complaint and had summonses issued on November 8, 2017. (Doc. 8.) The Clerk of Court entered defaults pursuant to Federal Rule of Civil Procedure 55(a) against Defendants Luana Lynn Roque, Juahlee Murie Bornoff, and Merna Green on January 23, 2018. (Docs. 31, 33.)

1

Roque and Bornoff successfully moved to set aside entry of default. (Doc. 57.) Lussy filed a Motion for Default Judgment against Green on February 2, 2018. (Doc. 35.) Defendant Wade J. Dahood filed a Motion to Dismiss on December 13, 2018. (Doc. 12.) Defendants Henry Paumie Lussy, Roque, and Bornoff filed a Motion to Dismiss on December 20, 2017. (Doc. 18.) Roque and Bornoff filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 7, 2018. (Doc. 45.) The Court held oral argument on Lussy's motion for default judgment and on Roque and Bornoff's motion to dismiss on April 6, 2018. (Doc. 58.) At oral argument, Lussy agreed that his amended complaint raised causes of action under (1) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961; (2) mail fraud pursuant to 18 U.S.C. § 1341; and (3) a common law fraud claim. (Doc. 61 at 18-22.)

United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendations in this matter on May 2, 2018. (Doc. 63.) Judge Lynch recommended that Defendants' Rule 12(b)(6) motions be granted, and Lussy's motion for default judgment against Green be denied. (Doc. 63 at 14.) Judge Lynch further recommended that Lussy's Amended Complaint be dismissed without leave to amend as to Defendants Lussy, Dahood, Roque, Bornoff, and Green. (Doc. 63 at 14-15.) Judge Lynch also recommended that if Lussy filed objections to the Findings and Recommendations showing that Lussy is able to state a claim for

relief against Green, then Lussy should be allowed to file an ameded complaint as to Green. (Doc. 63 at 15.) Lussy timely objected to Judge Lynch's Findings and Recommendations on May 15, 2018. (Doc. 64.)

Lussy's eleven objections are as difficult to understand as the causes of actions raised in Lussy's amended complaint. Lussy raises the following objections: (1) that he adequately plead federal question and diversity jurisdiction; (2) that he has standing to keep federal jurisdiction; (3) that there is a "jury verdict civil tort law application referral for crime enforcement after manipulation [and] falsifying public record;" (4) that the statute of frauds allows Lussy to retain federal jurisdiction; (5) that elder abuse and contract affirmative defenses allow Lussy to amend his complaint; (6) that the defendants "have no exclusion Rule/Clause . . . to exempt itself from functional literacy aka textualism;" (7) that Judge Lynch's "unfit-no-good behavior" is an affirmative defense allowing Lussy leave to amend his complaint; (8) that equitable estoppel and defendants' waiver by delayed express mail allow Lussy to amend his complaint; (9) that Judge Lynch mollycoddled defendants' pleadings; (10) that Judge Lynch violated his oath to protect the United States Constitution; and (11) that Judge Lynch showed bias to his "own lawyer tribe/labor union against non-lawyer competition." (Doc. 64 at 9-34.).

The Court reviews de novo Findings and Recommendations timely objected to. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations not specifically objected to. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

## I. Lussy's Objections

Though difficult to follow, Lussy essentially objects to Judge Lynch's finding that Lussy's RICO, mail fraud, and common law fraud claims failed to satisfy Rule 12(b)(6). Lussy further objects to Judge Lynch's recommendation that Lussy be denied leave to amend his complaint. Lussy's objections advance the same arguments made in Lussy's responses to defendants' motions to dismiss and in Lussy's motion for default judgment against Defendant Green. Judge Lynch considered these arguments in making his recommendation to the Court. Thus, the Court finds no specific objections that do not attempt to relitigate the same arguments and will review Judge Lynch's Findings and Recommendations for clear error. The Court finds no error.

## II. Leave to Amend Complaint as to Green

Judge Lynch recommended the Court grant Lussy leave to amend his complaint as to Green if Lussy could show that he was able to state a claim for relief against Green. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a motion to dismiss, the complaint must allege sufficient facts to state a plausible claim for relief. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). The Court liberally construes the allegations in a complaint filed by a pro se litigant. *Ortez v. Washington County, State of Oregon*, 88 F.3d 804, 807 (9th Cir. 1996). In his objections, Lussy summarizes the legal theories raised in his complaint. Lussy then rehashes the same arguments raised in his motion for default judgment against Green and in his responses to defendants' motions to suppress. Lussy did not state a claim for relief against Green.

Accordingly, **IT IS ORDERED** that Magistrate Judge Lynch's Findings and Recommendations (Doc. 63) is **ADOPTED IN FULL**.

Defendants' Motions to Dismiss (Docs. 12, 18, and 45) are **GRANTED**.

Lussy's Motion for Default Judgment Against Green (Doc. 35) is **DENIED**.

This matter is **DISMISSED WITHOUT LEAVE TO AMEND** as to Defendants Lussy, Roque, Bornff, Dahood, and Green.

DATED this 29th day of October, 2018.

_Brian Morris_
Brian Morris
United States District Court Judge